J-S17013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN CARO | |
| Appellant | No. 32 MDA 2021 |

Appeal from the PCRA Order Entered November 10, 2020
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0000682-2014

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 05, 2021**

Appellant John Caro *pro se* appeals from the November 10, 2020, order of the Court of Common Pleas of Lackawanna County ("PCRA court"), which dismissed as untimely his second petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.[1]  On December 31, 2006, Appellant pulled his vehicle next to the victim's vehicle while driving on Route 81 and shot the victim in the head.  Based upon these actions, Appellant initially was charged with attempted criminal homicide and related crimes including aggravated assault, recklessly endangering another

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Unless otherwise specified, these facts come from this Court's August 9, 2016 decision affirming Appellant's judgment of sentence. ***Commonwealth v. Caro***, 156 A.3d 332 (Pa. Super. filed August 9, 2016) (unpublished memorandum), ***appeal denied***, 167 A.3d 712 (Pa. 2017).

person, and carrying a firearm without a license. Appellant fled to Colombia after the above incident and was not apprehended until 2014. In exchange for his guilty plea to attempted homicide on December 10, 2014, Appellant's remaining charges were *nolle prossed*.

Appellant was sentenced on March 16, 2015, to a term of 13 to 30 years' incarceration. On September 24, 2015, Appellant filed a *pro se* PCRA petition, seeking reinstatement of his direct appeal rights *nunc pro tunc*. Appellant's PCRA petition was granted on December 8, 2015, and he was appointed counsel, who filed a *nunc pro tunc* notice of appeal of the judgment of sentence on January 7, 2016. On January 26, 2016, Appellant filed a timely court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Appellant asserted only that his sentence was excessive. A panel of this Court, however, concluded that Appellant had failed to raise a substantial question and affirmed his judgment of sentence. **See Caro**, **supra**. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on March 7, 2017.

On May 21, 2018, Appellant *pro se* filed a PCRA petition, raising, *inter alia*, claims of ineffective assistance of counsel.[2] The PCRA court appointed

---

[2] We disagree with the PCRA court's suggestion that the May 21, 2018 petition was Appellant's second PCRA petition. When the PCRA court granted the relief that Appellant requested in his September 24, 2015 petition, which was reinstatement of his direct appeal rights, that reset the clock for the calculation of the finality of Appellant's judgment of sentence for PCRA purposes. **See cf. Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa.
*(Footnote Continued Next Page)*

counsel, who eventually filed a no-merit letter and petition to withdraw under **Turner**/**Finley**.[3] On November 29, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing and granted appointed counsel's petition to withdraw. On January 17, 2019, the PCRA court denied Appellant's petition. Appellant did not appeal the denial.

On August 13, 2020, Appellant *pro se* filed the instant, self-styled "Petition for Time Credit Pursuant to the Interstate Agreement on Detainers" (the "Petition"), his second. The PCRA court treated the Petition as one falling under the PCRA and, following the issuance of a Rule 907 notice, dismissed it as untimely on November 10, 2020. Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Initially, we review whether the Petition was in the nature of a PCRA petition subject to the jurisdictional requirements of Section 9545(b). The plain language of the statute provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose." 42 Pa.C.S.A. § 9542. Cognizant of the stated purpose of the PCRA, we have held that any petition

_____

Super. 2008) (determining that where a successful PCRA petition neither restores petitioner's direct appeal rights nor disturbs the conviction, clock is not reset for the calculation of judgment of sentence for PCRA purposes). As such, the May 21, 2018, petition must be deemed Appellant's first PCRA petition.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition where the PCRA provides for a potential remedy. **See**, **e.g.**, **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (deeming petition for *habeas corpus* relief from allegedly illegal sentence a PCRA petition because claim challenging legality of sentence is cognizable under PCRA); **accord Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011); **see also Commonwealth v. Eller**, 807 A.2d 838, 842 (Pa. 2002) (noting that if relief is available under the PCRA, the PCRA is the exclusive means of obtaining the relief sought).

Here, the Petition alleges that the trial court failed to award Appellant credit for time served. It is settled that "[a] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." **Commonwealth v. Fowler**, 930 A.2d 586, 595 (Pa. Super. 2007) (citation omitted), **appeal denied**, 944 A.2d 756 (Pa. 2008); **see also** 42 Pa.C.S.A. § 9543(a)(2). In other words, a challenge to the legality of one's sentence implicates a claim that falls within the purview of the PCRA. **See**, **e.g.**, **Commonwealth Beck**, 848 A.2d 987, 989 (Pa. Super. 2004). Consequently, we agree that the PCRA court properly treated the Petition as a PCRA petition, because the Petition challenged the legality of Appellant's sentence.

Having established that the PCRA court properly treated the Petition as a PCRA petition, we now must determine whether the PCRA court properly dismissed it as untimely. For such an inquiry, our standard of review is

whether the PCRA court's findings are free of legal error and supported by the record.  ***Commonwealth v. Martin***, 5 A.3d 177, 182 (Pa. 2010) (citation omitted).

A court cannot entertain a PCRA petition unless the petitioner has first satisfied the applicable filing deadline.  The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.[4]

---

[4] Section 9545(b)(2) was recently amended, effective December 24, 2018, to extend the time for filing from sixty days of the date the claim could have been presented to one year.  The amendment applies only to claims arising on or after December 24, 2017.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects that the Pennsylvania Supreme Court denied Appellant's petition of allowance of appeal on March 7, 2017. Appellant had up to ninety days or until June 5, 2017, to file a petition for writ of certiorari with the United Supreme Court. *See Commonwealth v. Lark*, 746 A.2d 585, 587 (Pa. 2000); U.S. Sup.Ct. R. 13 (petitioner has ninety days from judgment of sentence to file for writ of certiorari with U.S. Supreme Court). Because Appellant did not file a writ of certiorari, his judgment became final on June 5, 2017. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Accordingly, because Appellant had one year from June 5, 2017, to file his PCRA petition, the Petition is facially untimely given it was filed on August 13, 2020, more than two years late.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section

9545(b)(1)(i)-(iii) of the PCRA. *See Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008). Here, Appellant has failed to allege, let alone prove, at any stage of the proceedings any exceptions to the one-year time bar. Accordingly, the PCRA court did not err in dismissing as untimely the instant PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/05/2021